No. 636.

## JONES v. PINCHEON ET AL.

EVIDENCE. — *Declarations and Admissions. — When Competent. — Contract. — Bond. — Issues, General Denial and Non Est Factum. — Fraud. — Principal and Agent.*—Suit was brought on a contract and bond for the carrying of mail.  The papers evidencing the contract were signed and completed in all respects, except the amount of compensation for such services.  The papers in this condition were delivered to the employer, with authority from the employe to insert the amount agreed upon, $420.  The employer, without the consent of the employe, inserted the amount of $320, which the employe repudiated, and refused to carry mail thereunder; and thereupon the employer brought suit on the bond for damages.  Issues were formed by pleading answers of general denial, and *non est factum.* The defendant was permitted to prove, over objection of plaintiff, certain statements and admissions made by the plaintiff concerning the amount the defendant was to receive for his services according to the agreement.

*Held,* that the evidence under the issues, as between the parties to the contract, was competent, and that any legal evidence was competent which tended to prove that the instruments, as they appeared in the complaint, were not executed by them.

*Held,* also, that the employer, for the purpose of inserting in the instruments the amount of compensation for the services, was the agent of the employe, and that they had no legal existence, not having been executed according to agreement.

*Held,* also, that the court did not err in rendering judgment for the defendant.

From the Noble Circuit Court.

*H. G. Zimmerman,* for appellant.

*T. M. Eells,* for appellees.

Jones *v.* Pincheon *et al.*

Fox, J.—The appellant claims that in this case the court below erred:

*First.* In overruling the appellant's motion for a new trial.

*Second.* In overruling the appellant's motion for a *venire de novo.*

*Third.* In overruling the appellant's motion for a judgment on the special verdict of the jury.

*Fourth.* In rendering judgment for the appellees on the special verdict.

The action was brought in the Noble Circuit Court, upon a contract and bond, which it was claimed were executed by the appellees. It appears that such contract and bond were intended as evidence of an agreement entered into between the appellant and the appellee Pincheon, by the terms of which the said Pincheon agreed to carry the United States mail from Albion to Wolf Lake, in this State, over Route No. 33,488, as a sub-contractor under the appellant. It was agreed that the said Pincheon should receive for the services required the sum of $35 per month, or $420 per year. The amount of the bond was $400, it being recited in the bond that this amount should be considered as " liquidated damages, and not a penalty." Three copies of the contract and bond were drawn up, signed and dated on the 23d day of April, 1891. For some reason not explained, at the time this instrument was drawn, the amount the said Pincheon was to receive for his services was not inserted therein, although the same seems to have been agreed upon between the parties. The papers were signed by the said Pincheon as principal, and by the appellee Stultz, as surety for the said Pincheon. After the papers were signed as above mentioned, they were by the appellees delivered to the appellant, who took them into his possession. Afterwards, while the said instruments were in the possession of the appellant, he, together with one Wyatt, in the absence of the appellees,

and without their knowledge or consent, inserted therein as the amount the appellee Pincheon was to receive for his services, the sum of $320 instead of $120, as had been agreed. After the instruments were signed and placed in the hands of the appellant, as above mentioned, the said Pincheon was " sworn in as a mail carrier by the postmaster at Noblesville, Indiana." After this was done, and after the amount above mentioned had been inserted in said bond and contract by the appellant, he, the appellant, delivered one of the copies to the said Pincheon, who, as soon as he observed the amount that had been inserted therein, repudiated the contract, and refused to carry the mails as he had agreed, for the reason that the amount expressed in the contract and bond was not the proper amount he was to receive.

Upon the said appellee's refusal to carry the mail, this suit was brought against the appellees by the appellant, to recover the amount of the bond " as liquidated damages." The appellees filed a general denial to the complaint. They also filed a plea of *non est factum*, properly verified.

The case was tried before a jury, and a special verdict returned. The appellant filed a motion for a *venire de novo*, which was overruled by the court. A motion was then filed by the appellees for a judgment in their favor upon the special verdict. This motion was sustained by the court, and a judgment rendered in favor of the appellees. The appellant then filed a motion for a new trial, which was overruled. Proper exceptions having been reserved, the case was, by the appellant, appealed to this court. The special verdict was full and complete, and the facts above mentioned, among others, were stated therein.

During the trial, the court below, over the appellant's objection, permitted the appellees to prove, by witnesses produced by them, certain statements and admissions made by the appellant concerning the amount the said appellee

was to receive for his services according to the agreement made, the appellant at the time insisting that such testimony was not admissible under the issues. Counsel earnestly contend, in argument, that—if the contract and bond, after being signed by the appellees, were by them delivered to the appellant in blank, as far as the amount the said Pincheon was to receive for his services was concerned, and that at the time authority was given to the appellant to fill said blanks with an amount agreed upon, and understood, and that the appellant did thereafter, without the knowledge or consent of appellees, insert a different amount—such facts could not be proved by parol testimony under a plea of *non est factum;* that the issue tendered by this plea in this case was concerning the execution of the contract and bond only. It is further insisted, that when the instruments were signed and delivered to the appellant in blank, with power to insert the amount that had been agreed upon, they were executed to all intents and purposes; that, if the appellant inserted an improper amount without authority, it was a fraud or breach of trust, and that in order to render parol testimony concerning these matters admissible, a special plea should have been filed stating the facts.

The rights of innocent third parties are not involved in this case. The suit is between the parties to the contract and bond, and this fact renders the authorities cited by appellant's counsel inapplicable. Among other authorities, we are referred to the case of *Spitler, Admr.,* v. *James,* 32 Ind. 202.

But that case is not an authority in point. There a person indorsed his name on the back of a "blank printed form of a promissory note," for the accommodation of the maker, with the understanding that the blanks should not be filled so as to make the note payable in bank. The blanks were afterwards filled so as to make the note payable in bank, without the consent of the indorser, and

then transferred to an innocent holder, for value, before due, in the usual course of trade. The court held that the indorser was liable, for the reason that when one of the innocent persons must suffer, the loss should be sustained by him, who, by reposing confidence in another, created the conditions that made the loss possible. The doctrine of this case will not be controverted. It is abundantly supported in the books. The intervening rights of innocent third persons is the foundation of this rule of law. Such a question, however, does not confront us in the case at bar. The question here is, what are the relative rights of the parties when the contract is challenged? Will the party who took it, unfinished, into his possession with the power given him as an agent by the other party to complete it, be permitted to say that such contract was fully executed when he received it?

When the appellant took the triplicate copies of the contract and bond into his possession, they were not complete. The amount to be paid to the appellee Pincheon was not written therein. If the parties had intentionally suffered these instruments to remain in this condition, they would have possessed no legal vitality whatever, and could not have been enforced. It is evident that when the appellant took the instruments into his possession, he was, as the agent of the appellees, authorized to insert therein the amount agreed upon. Until this was done, they were incomplete, and, therefore, not executed. A written contract has a physical existence, and as such it can not exist until it is completed. The completion of it in all its parts is its creation. It is a solecism to say that a contract may be executed before it exists. If the appellant, acting as the agent of the appellees, had inserted the proper amount in the contract and bond, then his act would have been their act, and thus the instruments would have been completed and executed, and from that time would have become binding and effective. If he inserted an improper

amount without authority, then his act was not their act, and the instruments were not completed and executed thereby, for they did not express the intention of the parties. An agent can not bind his principal by an act wholly unauthorized as between themselves. When the rights of innocent third parties intervene then a very different question is presented.

The appellees, by their plea of *non est factum*, denied the execution of the contract and bond. Under the issue thus made, it was their right to introduce any legal evidence tending to prove that the instruments as they appeared in the complaint were not executed by them. The admissions and statements made by the appellant in regard thereto were properly admitted at the trial, and the court did not err in rendering judgment upon the special verdict in favor of the appellees.

The judgment is affirmed, with costs.

Filed December 2, 1892; petition for a rehearing overruled April 1, 1893.